IN THE DISTRICT COURT OF THE UNITED STATES
OKLAHOMA EASTERN DISTRICT

| | | |
|---|---|---|
| GREAT LAKES INSURANCE SE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:   CIV-23-52-JAR |
| vs. | ) | |
| | ) | 6:23-CV-00052-JAR |
| WAGNER & LYNCH, PLLC, | ) | |
| | ) | Hon. Jason A. Robertson |
| Defendant. | ) | |
| | ) | |

## COUNTERCLAIM

**COMES NOW** the Defendant in this matter, Wagner & Lynch, P.L.L.C. ("W&L") and for its Counterclaim against Plaintiff Great Lakes Insurance, SE ("Great Lakes"), as raised in Defendant's Answer & Affirmative Defenses, pursuant to Fed. R. Civ. P. Rule 13, and in equity, and alleges and states as follows:

### PARTIES

1. Upon information and belief of the Defendant, Plaintiff Great Lakes is a German company headquartered in Munich. Great Lakes offers insurance to citizens of the United States, including the State of Oklahoma.

2. Defendant and Counterclaimant is a domestic limited liability company with its principal place of business in McAlester, Oklahoma, in Pittsburg County. That Pittsburg County is within the Oklahoma Eastern District of the United States Federal Court system.

### JURISDICTION

3. Jurisdiction is under diversity jurisdiction and the underlying policy exceeds the statutory prescription of seventy-five thousand dollars ($75,000.00). That jurisdiction is further pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

4. The property and insurance policy in question is located in, and the insurance was written for, a structure in Latimer County, Oklahoma. Latimer County is located in the Eastern District of Oklahoma, and venue is appropriate in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391 (b) and (c).

## FACTS

5. On or about June 13, 2022, Great Lakes issued an insurance policy, Policy No. GLP012829, (the "Policy") to the named insured and Defendant-Counterclaimant. The Policy provides coverage for W&L's commercial property located at 123 W. Main St., Wilburton, OK 74578 (the "Property"). The Policy insures the Property at issue with loss limits of two hundred thousand dollars ($200,000.00) for building damage and fifty thousand dollars ($50,000.00) for personal property loss.

6. On or about October 24, 2022, Blake Lynch, on behalf of W&L, made a claim for under the Policy for damage to the Property. Water leaking from a broken pipe leaked into the Property, causing severe damage to the Property. That the damage to the Property also caused the office to be *de facto* inoperable for business.

7. That W&L had Superior Plumbing to assess and fix the issue. During the investigation as to the cause of the water damage, Superior Plumbing determined that a pipe had collapsed, causing water to be unable to drain from the building down through the broken pipe and flow out of the building.

8. That on or about November 29, 2022, Great Lakes issued a denial letter stating exclusions under the Policy for damage to the Property. At this point in time, Counterclaimant is unsure of what, if any, actual insurance "adjusting" was done on the part of Great Lakes' agent/adjuster.

9. Once the claim was filed, Blake Lynch contacted the adjuster on this claim on October 28, 2022 and related that "sewer water was running back into the building." What he was unaware of at that point in time was that in actuality, a pipe had collapsed, causing water internal to the structure of the property to be unable to leave the building. It was this flooding that caused property damage. This recitation of facts was provided to the adjuster for Great Lakes on November 30, 2022, but seemingly ignored by the Plaintiff due to its desire to deny coverage and refuse to pay the claim.

10. That despite receiving this additional information, Great Lakes stood behind its denial letter and continued to deny its duty to pay out for the loss on the Property under the Policy.

11. Great Lakes has a history of denial of coverage for W&L. *See* <u>Wagner and Lynch v. Great Lakes</u>, 6:17-CV-00280-RAW in the Oklahoma Eastern District. Therein, the same parties were involved, including the same adjuster being involved. This is a pattern and practice of Great Lakes—deny coverage, force litigation, and cause hardship for its insured. Now, not only has Great Lakes denied coverage, but they are seeking to erect procedural fencing around possible claims of their insured, which is indicative of bad-faith insurance practice. By engaging in such practices, Great Lakes is inveigling Defendant into insurance contracts, collecting premiums, and denying coverage.

## CAUSE OF ACTION

12. That for their cause of action, W&L maintains that Great Lakes was and is engaging in bad faith insurance practices. Further, that Great Lakes has and is breaching its duty of good faith and fair dealing for its insured, and did so in the fall of 2022.

13. That W&L has suffered damages as a result of Great Lakes' acts and omissions.

14. That W&L has been forced and compelled to retain counsel in order to litigate this matter.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that this court: 1) award judgment for Defendant/Counterclaimant W&L and against Plaintiff Great Lakes; 2) award damages in excess of both seventy-five thousand dollars ($75,000.00) *and* in excess of the limits under the Policy; 3) award punitive damages; 4) issue an award of attorney fees and costs for Defendant and against Plaintiff; and 5) award any other relief to Defendant as may be just, equitable, and proper.  Counterclaimant re-asserts its demand for a jury trial.

DATED this 9th day of March, 2023.

Respectfully submitted by:

/s/ Wesley J. Cherry

Wesley J. Cherry, OBA #22851
FOUNDATION LAW, P.L.L.C.
P.O. Box 758
McAlester, OK  74502
(918) 839-6353 Telephone
(888) 622-3181 Facsimile
Wes.FoundationLaw@gmail.com
www.FoundationLawFirm.com
*Attorney for Defendant-Counterclaimant*

**CERTIFICATE OF SERFVICE**

I CERTIFY that on this 9th day of March, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notifications to the following:

Michael Linscott, OBA #17266
Alexandra Gage, OBA #33874
DOERNER, SAUNDERS, DANIEL & ANDERSON
Two West Second Street, Suite 700
Tulsa, OK 74106-3117
mlinscott@dsda.com
agage@dsda.com
*Attorneys for Plaintiff*

I CERTIFY that on this 9th day of March, 2023, I sent the foregoing to the following individuals without the use of the CM/ECF system, via U.S. Mail, all postage pre-paid:

NONE.

*Attorney for Defendant*