IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GREAT LAKES INSURANCE SE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 6:23-CV-00052-JAR** |
| **vs.** | ) | |
| | ) | |
| **WAGNER & LYNCH, PLLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF GREAT LAKES INSURANCE SE'S MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIMS AND BRIEF IN SUPPORT**

Plaintiff, Great Lakes Insurance SE ("Great Lakes"), pursuant to Fed. R. Civ. P. 41(b), hereby moves this Court for an Order dismissing the Defendant's, Wagner & Lynch, PLLC, Counterclaims against Great Lakes for failure to follow procedural rules.  In support of its Motion, Plaintiff states as follows:

**SUMMARY**

This case stems from an insurance dispute over coverage pursuant to a water claim made under a commercial property insurance policy.  Plaintiff filed this declaratory action on February 10, 2023, to establish the rights and obligations of the parties under the policy of insurance.  Dkt. # 2.  Service was made on Defendant on February 14, 2023.  Dkt. # 9.  Defendant submitted an Answer to the Complaint on February 26, 2023.  Dkt. # 11.  Notably, the Defendant's Answer did not contain a counterclaim.  *Id.*  Instead, Defendant filed a stand-alone document labeled as "Counterclaim" on March 9, 2023.  Dkt. # 13.

Defendant's Counterclaim filing is invalid and warrants dismissal due to its violation of certain procedural rules.  The Federal Rules of Civil Procedure require counterclaims to be contained in a pleading as outlined in Rule 7.  However, Defendant's Counterclaim in this case

was not filed in a permissible pleading.  Moreover, Plaintiff's Counterclaim was filed out of time without leave of court.  Due to these procedural violations, Plaintiff's Counterclaim should be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

## ARGUMENT AND AUTHORITIES

### I.      Defendant Impermissibly Filed its Counterclaim as a Separate Document.

The Federal Rules of Civil Procedure contemplate specific pleadings which are allowed to be filed.  Fed. R. Civ. P. 7(a).  "Notably, 'a counterclaim' is not listed in Rule 7(a); thus because 'only' the listed pleadings are allowed, a party may not file a counterclaim by itself as its own pleading." *KAABOOWorks Services, LLC v. Pilsl,* 2019 WL 1979927, * 4 (D. Colo.).[1]  The Federal Rules regarding counterclaims (Rule 13) require that "a *pleading* must state" a counterclaim.  *Id.* (emphasis added).  "[A] counterclaim filed as a standalone document is improper; a counterclaim incorporated into an answer is proper."  *Id.; See also* Wright & Miller, Federal Procedure & Practice, § 1184; *Microsoft Corp. v. Ion Technologies Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007) ("Counterclaims, however, must appear in a pleading, and a separate document that contains counterclaims is not a permissible pleading.); *Nat'l Ass'n of Gov't Emps. Inc., v. Nat'l Emergency Med. Servs. Ass'n, Inc.*, 969 F. Supp. Ed 59, 67 (D. Mass. 2013) ("[P]ursuant to [Rules 12 and 13], counterclaims can only be asserted in a 'pleading[,]'" not "as a stand-alone filing."); *Robinson v. Smith,* 334 So.3d 476, 484 (Miss. Ct. App. 2022) ("Federal courts have consistently held that a counterclaim must be asserted in a responsive pleading (an answer) and that a party cannot file a stand-alone counterclaim because a 'counterclaim' is not among the pleadings permitted by Rule 7 of the Federal Rules of Civil Procedure.").  Because federal courts do not allow counterclaims to be asserted as a separate pleading, Defendant's

---

[1] Opinion attached according to Federal Rule of Appellate Procedure 32.1(b).

Counterclaim (Dkt. # 13) here, which was filed 11 days after the Answer (Dkt. # 11) as a separate pleading, is impermissible and a breach of procedural rules.

The Federal Rules of Civil Procedure Rule 41 allows the Court to dismiss a claim for failure to comply with federal rules or court orders. Such dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). A court will look to five factors when deciding a motion to dismiss with prejudice under Rule 41(b): (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

This Counterclaim should be dismissed because an analysis of the *Ehrenhaus* factors weighs in favor of dismissal. In particular, the culpability factor weighs heavily in favor of dismissal. Defendant's Answer (Dkt. # 11) was filed sixteen (16) days after the initial Complaint (Dkt. # 2) and a mere twelve (12) days after Defendant was served with process (*see* Dkt. # 9). Based on Defendant's ability to file its Answer with ample time to spare, it likely should have been able to include its Counterclaim within the 21 days allotted under Rule 12. Defendant chose not to do so. Instead, it filed an impermissible pleading after the deadline (discussed *Infra.*). Defendant has supplied no reason for the impermissible filing and has not asserted any rule which would allow such a pleading, nor has Defendant requested to amend any pleadings. As a law firm, Defendant is aware of the procedural rules regarding pleading. In summation, there is no reason Defendant should not have known of its Counterclaim at the time of its Answer or of its requirement to include the Counterclaim in a pleading allowed by Rule 7. The culpability lies upon Defendant's shoulders.

The remaining factors similarly weigh in favor of dismissal. Actual prejudice to the Defendant in this case is negligible because its Answer was timely filed, and it still has every affirmative defense available to it even if the Counterclaim is dismissed. Further, Plaintiff's claim is one for declaratory relief, and it does not request any monetary damages. The judicial process will experience both confusion and delay should Defendant's Counterclaim be allowed to stand due to its procedural defects which affect further procedural rules and deadlines. Moreover, a lesser sanction would be essentially immaterial and have no effect on the Defendant's procedural breach. Because all of these factors weigh in favor of dismissal, Defendant's Counterclaim should be dismissed pursuant to Rule 41(b) as a procedural breach of Rule 7 and Rule 13 of the Federal Rules of Civil Procedure.

## II.     Defendant's Counterclaim was Untimely Filed under Rule 12

Rule 12(a) requires responsive pleadings to be filed within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Although Defendant filed its Answer within the 21-day limit required by Rule 12, Defendant did not file its Counterclaim until eleven days later, after the 21-day window had already closed. Even if the filing was a permissible pleading under Rule 7, it is still not valid due to its untimely filing. *See Orient Mineral Co. v. Bank of China,* 416 Fed. Appx. 721, 725 (10th Cir. 2011) ("[B]ecause plaintiffs did not file their counterclaim-in-reply within the district court's prescribed twenty-day window, the district court correctly dismissed that filing as untimely."); *Eskridge v. Ladd,* 811 P.2d 587, 589 (Okla. 1991) ("Because Ladd's counterclaim was not timely filed, it is invalid[].").

Even if the Defendant's Counterclaims were properly asserted in a Pleading under Rule 7, Defendant's untimely filing of the Counterclaims warrants a dismissal. *See Orient Mineral*, 416

4

Fed. Appx. at 725.  Defendant's failure to adhere to the times set forth in the federal procedural rules permits the court to dismiss under Rule 41(b) as discussed above.  *See* Section I *supra*.

## **CONCLUSION**

Rule 41(b) of the Federal Rules of Civil Procedure allow the Court to dismiss a counterclaim for failure to follow procedural rules and court orders.  Defendant has failed to follow the procedural rules in Rules 7, 12, and 13 by untimely filing its counterclaims in a separate document which is not a part of a permissible pleading.  Due to Defendant's procedural failures, this Court should dismiss Defendant's Counterclaims with prejudice to the refiling of the same.

WHEREFORE, Plaintiff Great Lakes respectfully requests this Court enter an Order granting *Plaintiff's Motion to Dismiss Defendant's Counterclaims* pursuant to Fed. R. Civ. P. 41(b).

DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.

By: _____
　　Alexandra J. Gage, OBA No. 33874
　　Michael S. Linscott, OBA No. 17266
　　Two West Second Street, Suite 700
　　Tulsa, OK  74103-3117
　　Telephone 918.591.5271
　　Facsimile 918.925.5271

　　*Attorneys for Plaintiff Great Lakes Insurance SE*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of March, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Wes.foundationlaw@gmail.com


*s/ Alexandra J. Gage*

6454999.1