6:23-cv-00052-JAR   Document 17-1   Filed in ED/OK on 03/28/23   Page 1 of 5

KAABOOWorks Services, LLC v. Pilsl, Not Reported in Fed. Supp. (2019)

2019 WL 1979927

2019 WL 1979927
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

KAABOOWORKS SERVICES, LLC, Plaintiff,
v.
Brian PILSL, Defendant.

Civil Action No. 17-cv-02530-CMA-KLM
|
Signed 05/03/2019

**Attorneys and Law Firms**

Jon Jay Olafson, Kayla Dawn Dreyer, Ian Richard Rainey, Lewis Brisbois Bisgaard & Smith, LLP, Denver, CO, for Plaintiff.

Duncan Lloyd Griffiths, Christopher James Griffiths, Griffiths Law, P.C., Lone Tree, CO, for Defendant.

### ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

Kristen L. Mix, United States Magistrate Judge

*1 This matter is before the Court on Plaintiff's **Motion to Strike, or in the Alternative Dismiss, Counter-Complaint** [#110][1] (the "Motion"). Defendant filed a Response [#112] in opposition to the Motion [#110], and Plaintiff filed a Reply [#117]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#110] is **DENIED in part**, to the extent Plaintiff seeks to strike Defendant's counterclaims.[2] The Court is concurrently issuing a separate Recommendation regarding the portion of the Motion [#110] seeking dismissal of the counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### I. Background

*2 As relevant here, in the Motion [#110], Plaintiff asks the Court to fully strike the counterclaims asserted by Defendant in his Answer, Counterclaim[s], and Demand for Jury on Counterclaim[s] [#109]. The sequence of events underlying the basis for this Motion is crucial to its resolution, and the Court therefore begins there.

On October 23, 2017, Plaintiff initiated this lawsuit against Defendant, who initially proceeded as a pro se litigant. *Compl.* [#1]. Defendant's answer or other response to the Complaint [#1] was originally due on November 15, 2017. *Summons* [#6]. Defendant's deadline to answer or otherwise respond to the Complaint [#1] was extended by the Court to December 22, 2017. *Minute Order* [#16]. On that date, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and (6) [#19] (the "Motion to Dismiss") through his newly-acquired counsel. On April 5, 2018, after the Motion to Dismiss [#19] was fully briefed, Defendant's counsel was permitted to withdraw, again leaving Defendant to proceed as a pro se litigant. *Minute Order* [#59]. On July 5, 2018, the Motion to Dismiss [#19] was granted in part and denied in part. *Order* [#69]. Accordingly, Defendant's answer or other response to the Complaint [#1] was due to be filed by July 19, 2018. Fed. R. Civ. P. 12(a)(4)(A) ("[I]f the court denies the [Rule 12] motion..., the responsive pleading must be served within 14 days after notice of the court's action...."). Defendant did not meet this deadline, and Plaintiff did not file any motion regarding Defendant's failure to do so. However, on August 1, 2018, Plaintiff filed an opposed Motion for Leave to Amend Complaint and to Amend Scheduling Order [#71] (the "Motion to Amend"). On October 19, 2018, the Court partly granted the Motion to Amend [#71], including, in relevant part, extending the deadline for joinder of parties and amendment of pleadings to August 1, 2018 (the date the Motion to Amend [#71] was filed), and permitting the filing of Plaintiff's Amended Complaint [#88]. *Order* [#87]. Defendant's answer or other response to the Amended Complaint [#88] was therefore due by November 2, 2018. Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made...within 14 days after service of the amended pleading...."). Defendant did not meet this deadline.

On December 11, 2018, Defendant filed a Motion for Extension of Time to Answer, Plead or Otherwise Respond to Plaintiff's Amended Complaint for Injunctive Relief and Damages [#102]. In part, he noted that he was distracted in October 2018 by Plaintiff's Motion for Preliminary Injunction (filed October 4), his need to prepare and file an opposition to that motion (filed October 15), and the October 30 hearing on the motion which happened twelve days after the Amended

6:23-cv-00052-JAR   Document 17-1   Filed in ED/OK on 03/28/23   Page 2 of 5

KAABOOWorks Services, LLC v. Pilsl, Not Reported in Fed. Supp. (2019)
2019 WL 1979927

Complaint [#88] was accepted for filing. *See* [#102] at 1-2. Defendant also stated:

> I have been searching for an attorney who can assist me in this litigation. It was only during this process did I learn that I was required to answer, plead or otherwise respond to the amended complaint. Once I realized this, I notified Plaintiff by email immediately asking if they would oppose an extension to December 14. While trying to prepare my answer, I am realizing that this is not nearly enough time for me to properly prepare.

**\*3** [#102] at 2.

Two days later, on December 13, 2018, before the Court ruled on Defendant's extension request, the parties filed a Joint Motion to Reschedule the Pretrial Conference [#105]. In part, the parties stated:

> The Amended Complaint was entered by the Court on October 19, 2018, and Mr. Pilsl has not yet filed an answer to this operative pleading. Mr. Pilsl recently requested an extension of the answer deadline up to and including January 8, 2019 so that he can try to obtain counsel in this action prior to submitting his answer. Defendant has never filed an answer to either the original complaint or amended complaint. Thus, at this time, KAABOO would be prejudiced in drafting a proposed pretrial order because it cannot determine the specific denials and defenses Mr. Pilsl will assert to its Amended Complaint.

[#105] at 1-2 (internal citations omitted). Plaintiff did not state at that time any opposition to Defendant's requested extension of the answer deadline. *See id.* On December 14, 2018, the Court reset the Final Pretrial Conference, *see Minute Order* [#108], and extended Defendant's deadline to answer or otherwise respond to the Amended Complaint [#88] to January 8, 2019, *see Minute Order* [#107].[3] On January 8, 2019, Defendant, through his newly-acquired counsel, filed his Answer, Counterclaim[s], and Demand for Jury on Counterclaim[s] [#109].

On January 29, 2019, Plaintiff filed the present Motion [#110] seeking to strike the Defendant's counterclaims. The four counterclaims are: (1) breach of contract, (2) quantum meruit, (3) fraud in the inducement, and (4) bad faith pursuant to Colo. Rev. Stat. § 7–74–105. *See* [#109] at 13-18.

**II. Analysis**

At the outset, the Court makes two observations. First, Plaintiff is seeking to strike only the Counterclaims portion of the Answer, Counterclaim[s], and Demand for Jury on Counterclaim[s] [#109]. Plaintiff makes no argument that the Answer portion should be stricken. Plaintiff's first concern with the timing of the Answer appears to have arisen once it realized that Counterclaims were to be included in the Answer. There is no indication before the Court that Plaintiff informed Defendant at any point that his Answer to either the original Complaint or the Amended Complaint was late. Of course, Plaintiff was under no obligation to do so, but when litigating against an opposing pro se party, such small gestures can help resolve issues, such as the one in the present Motion, early on, and help move the case along to its completion in an efficient and timely manner.

Second, it is clear from the foregoing discussion that Defendant missed several deadlines to file answers to complaints. First, his deadline to file an answer to the original Complaint was July 19, 2019, after his Motion to Dismiss was fully adjudicated. Plaintiff filed its Motion to Amend on August 1, 2019, which was adjudicated on October 19, 2018, thus making Defendant's new answer deadline November 2, 2018. Defendant did not ask for an extension of this deadline until December 11, 2018, although the Court did grant the requested extension, and the Answer, Counterclaim[s], and Demand for Jury on Counterclaim[s] [#109] was timely filed. Pro se litigants must follow the same procedural rules that govern other litigants, and Defendant, during his time as a pro se litigant, clearly failed to do so. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

6:23-cv-00052-JAR   Document 17-1   Filed in ED/OK on 03/28/23   Page 3 of 5
KAABOOWorks Services, LLC v. Pilsl, Not Reported in Fed. Supp. (2019)
2019 WL 1979927

**1. Fed. R. Civ. P. 16(b)(4) and 15(a)(2)**

*4 Before addressing the merits of Plaintiff's argument, a word is necessary regarding the answers and counterclaims in general. The Court starts with Fed. R. Civ. P. 7(a), which provides:

Only these pleadings are allowed:

(1) a complaint;

(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

(4) an answer to a crossclaim;

(5) a third-party complaint;

(6) an answer to a third-party complaint; and

(7) if the court orders one, a reply to an answer. Notably, "a counterclaim" is not listed in Rule 7(a); thus, because "only" the listed pleadings are allowed, a party may not file a counterclaim by itself as its own pleading.

Next, Fed. R. Civ. P. 13 provides:

(a) Compulsory Counterclaim. (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party....

(b) Permissive Counterclaim. A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.

Both compulsory and permissive counterclaims, therefore, must be asserted in one of the seven pleadings defined by Fed. R. Civ. P. 7(a). In other words, a counterclaim filed as a standalone document is improper; a counterclaim incorporated into an answer is proper. Wright & Miller, Federal Procedure & Practice, § 1184.

This background is necessary because Plaintiff argues that the timing of Defendant's counterclaims is procedurally improper because Defendant should have (1) sought to amend the deadline for joinder of parties and amendment of pleadings, as set forth in the Scheduling Order [#46], pursuant to Fed. R. Civ. P. 16(b)(4), and (2) sought leave to amend his pleading pursuant to Fed. R. Civ. P. 15(a)(2). *Motion* [#110] at 8-9, 10-12. However, neither of these rules are applicable to the present situation.

First, with respect to Fed. R. Civ. P. 16(b)(4), Defendant is not seeking to join any parties. Further, Defendant is not seeking to amend any pleadings. As discussed above, Defendant's Answer, Counterclaim[s], and Demand for Jury on Counterclaim[s] [#109] is the initial pleading and is not seeking to amend any prior pleading. In addition, to the extent that Plaintiff here complains only about the timing of the Counterclaims, counterclaims are not, standing alone, considered a pleading, as analyzed above. The deadline for joinder of parties and amendment of pleadings therefore is inapplicable. The deadline for filing of Defendant's answer and counterclaims to the original Complaint [#1] was July 19, 2018, as governed by Fed. R. Civ. P. 12(a)(4)(A) after the Motion to Dismiss was adjudicated, long after the March 30, 2018 deadline for joinder of parties and amendment of pleadings as set in the Scheduling Order [#46].

Similarly, because Defendant is not seeking to amend any prior pleading, Plaintiff's assertion that Fed. R. Civ. P. 15(a)(2) applies is also fundamentally incorrect, and any arguments asserted thereunder, such as undue delay, undue prejudice, and futility, are inappropriate.

The Court pauses to note that it hears the frustration underlying Plaintiff's Motion [#110], i.e., that discovery has largely been completed in this matter, and only now are counterclaims being raised which necessitate reopening discovery. Defendant clearly should have filed his initial Answer, Counterclaim[s], and Demand for Jury on Counterclaim[s] [#109] in response to the original Complaint [#1] or sooner after filing of the Amended Complaint [#88]. However, Plaintiff, again while under no obligation to do so, could have, if it had so chosen, facilitated the efficient progression of this lawsuit by informing Defendant, who was proceeding pro se at the relevant times, that Defendant had the obligation to file an answer, or at least that Defendant had missed his deadline after it passed. Regardless, Defendant's counterclaims are properly asserted as part of his Answer, the answer deadline was extended to January 8, 2019, and that deadline was timely met. As noted above, Defendant's counterclaims simply could not have been filed separately prior to the time the Answer was filed, and certainly not by the deadline for joinder of parties and amendment of pleadings, as argued by Plaintiff.

*5 Accordingly, Plaintiff's Motion [#110] is **denied** to the extent it is asserted under Fed. R. Civ. P. 16(b) and 15(a).

### 2. Fed. R. Civ. P. 12(f)

The Court next turns to Plaintiff's argument under Fed. R. Civ. P. 12(f), which provides in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter...." "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993) ); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

However, motions to strike are disfavored and will only be granted under the rarest of circumstances. *Sierra Club*, 173 F.R.D. at 285. As such, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). Further, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285. Moreover, regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion. *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

Plaintiff appears to rely on the "immaterial" category of Rule 12(f). *Motion* [#110] at 9-10, 12-13. "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Friends of Santa Fe Cty. v. LAC Minerals, Inc.*, 892 F. Supp. 1333, 1343 (D.N.M. 1995). " 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." Wright & Miller, Federal Practice & Procedure § 1382. "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Id.*

Importantly, "[m]otions to strike allegedly immaterial matter, when there is no contention that the complaint is lacking in material allegations, will not be granted if the result would be to render the complaint meaningless and would amount to a dismissal." *Id.* Here, that is exactly what Plaintiff asks the Court to do, i.e., strike the counterclaims as insufficiently grounded in this lawsuit, but striking counterclaims as immaterial pursuant to Rule 12(f) is the improper vehicle for dismissal of Defendant's counterclaims. Rather, the proper vehicle is through a jurisdictional challenge under Rule 12 and Rule 13, which the Court addresses in its concurrently issued separate Recommendation on the motion to dismiss portion of the present Motion [#110].

*6 Accordingly, Plaintiff's Motion [#110] is **denied** to the extent it is asserted under Fed. R. Civ. P. 12(f).

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#110] is **DENIED in part**, to the extent that the motion to strike is **denied**. The Court is concurrently issuing a separate Recommendation regarding the portion of the Motion [#110] seeking dismissal of the counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1979927

**Footnotes**

6:23-cv-00052-JAR   Document 17-1   Filed in ED/OK on 03/28/23   Page 5 of 5

KAABOOWorks Services, LLC v. Pilsl, Not Reported in Fed. Supp. (2019)
2019 WL 1979927

| | |
|---|---|
| 1 | "[#110]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order. |
| 2 | The Tenth Circuit Court of Appeals has not explicitly stated whether a ruling on a motion to strike under Fed. R. Civ. P. 12(f) is dispositive. However, at least one district judge in the Eastern District of Michigan has persuasively held that whether a motion to strike under Rule 12(f) is dispositive depends on what the moving party is seeking to strike. *See Stevenson v. Ocwen Loan Servicing, LLC,* No. 14-cv-13115, 2015 WL 2083513, at \*2 n.2 (E.D. Mich. May 5, 2015). "Often, an order under Rule 12 (f) may be dispositive of a party's claims or defenses and, thus, may warrant a full report and recommendation, which, if properly objected to, would be subject to de novo review." *Id.* (citing Fed. R. Civ. P. 72(b) ). However, when the Rule 12(f) motion to strike is not dispositive of any party's claims or defenses, the Magistrate Judge retains authority to enter an order disposing of the motion. *See Stevenson,* 2015 WL 2083513, at \*2 n.2. Here, as explained below, the outcome of the Motion [#110] under Rule 12(f) is not dispositive of any claim or defense, and therefore the Court concludes that it retains authority to enter an order adjudicating the Motion [#110] to the extent not asserted under Rules 12(b)(1) and 12(b)(6). *See also, e.g., Ramos v. Hertz Corp.,* No. 17-cv-02576-CMA-NRN, 2018 WL 4635972 (D. Colo. Sept. 26, 2018) (Magistrate Judge entering order denying a motion to strike under Rule 12(f) ); *Carson v. Estate of Golz*, No. 17-cv- 01152-RBJ-MEH, 2018 WL 4090866 (D. Colo. Aug. 28, 2018) (Magistrate Judge issuing recommendation to grant motion to strike affirmative defenses under Rule 12(f) ); *Beltran v. Interexchange, Inc.*, No. 14-cv-03074-CMA-CBS, 2017 WL 4418709 (D. Colo. June 9, 2017) (addressing objections to Magistrate Judge's order denying motion to strike under Rule 12(f) and using a "clearly erroneous" standard); *Dakota Station II Condo. Assoc., Inc. v. Owners Ins. Co.*, No. 14-cv-02839-RM-NYW, 2016 WL 9735776 (D. Colo. Nov. 4, 2016) (Magistrate Judge issuing recommendation to grant motion to strike affirmative defenses under Rule 12(f) ); *Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2016 WL 11548167 (D. Colo. Aug. 30, 2016) (Magistrate Judge issuing order denying motion to strike under Rule 12(f) ); *Alarid v. Biomet, Inc.*, No. 14-cv-02667- REB-NYW, 2015 WL 6376171 (D. Colo. Sept. 22, 2015) (Magistrate Judge issuing order denying motion to strike affirmative defenses under Rule 12(f) ). |
| 3 | The Court notes a clerical error in this December 14, 2018 Minute Order [#107], which stated that Defendant's deadline to answer or otherwise respond to the Amended Complaint [#88] was November 9, 2018, instead of the correct date of November 2, 2018. |

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.