IN THE DISTRICT COURT OF THE UNITED STATES
OKLAHOMA EASTERN DISTRICT

| | | |
|---|---|---|
| GREAT LAKES INSURANCE SE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:   CIV-23-52-JAR |
| vs. | ) | |
| | ) | 6:23-CV-00052-JAR |
| WAGNER & LYNCH, PLLC, | ) | |
| | ) | Hon. Jason A. Robertson |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO MOTION TO DISMISS COUNTERCLAIM

**COMES NOW** the Defendant in this matter, Wagner & Lynch, P.L.L.C. ("W&L") and for its *Response to Dismiss Counterclaim* [Doc. 17] as filed by Plaintiff Great Lakes Insurance, SE ("Great Lakes"), states as follows.

1. That this matter was filed by Great Lakes as a declaratory action. *See* [Doc. No. 2] as an attempt to procedurally-fence the Defendant's bad-faith lawsuit and have this Court declare by summation that the policy does not apply to the facts extant in this matter.

2. That the Defendant filed an Answer and Affirmative Defenses [Doc. 11] in a timely fashion.

3. That in the Answer and Affirmative Defenses, claims insurance bad faith practices based on the actions of the Plaintiff. *See* Doc. No. 11, specifically paragraphs 2, 3, 5, 6, & 7. Therein, the Defendant's stated affirmative defenses are breach of contract, bad faith, unclean hands, unjust enrichment, and procedural fencing.

4. That the Answer and Affirmative Defenses pleading was filed February 26, 2023.

5. That the Counterclaim was filed separately on March 9, 2023.

6. That since that time, respective counsel have provided the Court with a Joint Status Report [Doc. 14], that was filed with the Court on March 20, 2023.

7. Thereafter, given the JSR that was filed, the Court entered a Scheduling Order [Doc. 15].

8. That pursuant to the JSR, it begs credulity that the Plaintiff was not intimately aware of the pendency of the *Motion to Dismiss the Counterclaim* given it was raised in equity as an Affirmative Defense.  Still yet, Plaintiff stated on the JSR that there were "no pending motions" at the outset.  Instead, Plaintiff *continues* to engage in bad faith practices by extending litigation needlessly when 1) an amendment to an *initial responsive pleading* is normally granted as a matter of course by party-litigants, notwithstanding the Court's inherent power under Fed. R. Civ. P. Rule 15 to allow leave to amend, see Fed. R. Civ. P Rule 15, "…the court should give leave when justice so requires" and 2) if the Defendants were forced and compelled to file an action in bad-faith in State court, the Plaintiff would almost certainly attempt to remove that matter to this Court, wherein the matters would be combined in this action.  Judicial economy at the very least, notwithstanding general equity and a "matter of course" amendment, would be increased *greatly* by the Court entering a denial of the Plaintiff's *Motion to Dismiss*.

## BRIEF IN SUPPORT

Given the Plaintiff's litigation history of denying claims for their insured and specifically this Defendant—*see* Wagner and Lynch v. Great Lakes, 6:17-CV-00280-RAW in the Oklahoma Eastern District—it is somewhat foreseeable to the Defendant that a dispositive motion requesting *dismissal of the Counterclaim with prejudice* has been filed in this instant matter.  The Plaintiff cites Ehrenhaus v. Reynolds, 965 F. 2d 916 (10th Cir. 1992) as law in this matter.  The Ehrenhaus court gave the Court guidance with five (5) factors, which Plaintiff cited in its *Motion*.  First, the degree of prejudice would be extreme to the Defendant.  The Defendant would be in a position wherein a State court action would be filed, the Plaintiff would attempt to remove that matter to

the Court in the Oklahoma Eastern District, and we would be full-circle where we started. To dismiss the *Counterclaim* with neither leave to amend nor leave to correct a procedural matter at an early stage of litigation, would be a nuclear option. Second, the interference with judicial process weighs completely in favor of the Defendant. The amount of litigation involved would increase, rather than decrease. Again, Plaintiff continues to act in bad faith by refusing to pay its insured's reasonable claims under the policy, continues to attempt to erect procedural fencing around those claims, and rather than agreeing to allow amendment—which is certainly contemplated by Fed. R. Civ. P. Rule 15—seems to desire that the Defendant be forced to respond to the *Motion to Dismiss Counterclaim*. Insofar as the culpability of the litigant, the parties' respective counsel have seemingly worked at the initial stage of this litigation to set-up a timeframe for this case to proceed towards a resolution. The *Counterclaim* was filed on a stand-alone basis fewer than two weeks after the *Answer and Affirmative Defenses*. There is no prejudice to the Plaintiff should the Defendant be allowed to amend its initial pleadings, given that the take-away is an action in State court. Specifically regarding culpability, a dismissal with prejudice on any procedural grounds as opposed to substantive grounds would be radically against equity. Fourth, the Court has not warned or sanctioned any party—much less the Defendant—regarding any untimely-filed pleadings. Fifth, no party has been sanctioned for any matter.

   The Federal Rules of Civil Procedure allow amendment of pleadings by agreement or when equity requires it. Given that the Plaintiff refuses to agree to allow amendment of the *Counterclaim* by agreement, the Defendant respectfully requests that the Court DENY the *Motion to Dismiss Counterclaim* and allow the Defendant to amend its *Answer* to include the *Counterclaim*.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that this court: 1) DENY the *Motion to Dismiss* Counterclaim or, in the alternative, 2) issue Order(s) that allow the Defendant to amend its Answer [Doc. 11] to include the Counterclaim more specifically in the same.

DATED this 28th day of March, 2023.

Respectfully submitted by:

Wesley J. Cherry, OBA #22851
FOUNDATION LAW, P.L.L.C.
P.O. Box 758
McAlester, OK  74502
(918) 839-6353 Telephone
(888) 622-3181 Facsimile
Wes.FoundationLaw@gmail.com
www.FoundationLawFirm.com
*Attorney for Defendant-Counterclaimant*

## CERTIFICATE OF SERFVICE

I CERTIFY that on this 28th day of March, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notifications to the following:

Michael Linscott, OBA #17266
Alexandra Gage, OBA #33874
DOERNER, SAUNDERS, DANIEL & ANDERSON
Two West Second Street, Suite 700
Tulsa, OK 74106-3117
mlinscott@dsda.com
agage@dsda.com
*Attorneys for Plaintiff*

I CERTIFY that on this 28th day of March, 2023, I sent the foregoing to the following individuals without the use of the CM/ECF system, via U.S. Mail, all postage pre-paid:

NONE.

*Attorney for Defendant*