IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREAT LAKES INSURANC SE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-052-JAR |
| ) | |
| WAGNER & LYNCH, PLLC, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaims (Docket Entry #17) and Defendant's Motion to Amend Answer (Docket Entry #18). Plaintiff initiated this declaratory judgment action on February 10, 2023. Defendant filed its answer on February 26, 2023 and a separate counterclaim alleging Plaintiff breached the implied duty of good faith and fair dealing on March 9, 2023. On March 21, 2023, this Court entered a Scheduling Order which established April 21, 2023 as the deadline for amendments to pleadings.

Plaintiff then filed the subject motion to dismiss, contending the separate filing of a counterclaim violated Fed. R. Civ. P. 7(a) and 13 which indicate that a counterclaim must be filed as a part of a pleading and cannot be filed standing alone. Defendant essentially admits Plaintiff's contention but requests authority to amend its answer and include the counterclaim under Fed. R. Civ. P. 15(a).

This Court begins from the premise that amendments "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The right to amend is only restricted when it occurs after a showing of "undue delay,

undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).  This case is in its infancy and little prejudice to Plaintiff is perceived by allowing the proposed amendment.

Moreover, this Court established a deadline for amendments which would indicate that Defendant's request to amend is timely.  Fed. R. Civ. P. 16(b)(4); See Am. Ins. Co. v. Pine Terrace Homeowners Ass'n, 2022 WL 5240648, at *2 (D. Colo. Oct. 6, 2022), report and recommendation adopted, 2022 WL 17976699 (D. Colo. Nov. 23, 2022)("Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party" but rather "on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.").  As a result, Defendant will be permitted to amend its answer to add its counterclaim.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss Defendant's Counterclaims (Docket Entry #17) is hereby **DENIED.**

IT IS FURTHER ORDERED that Defendant's Motion to Amend Answer (Docket Entry #18) is hereby **GRANTED.**  The separate counterclaim filed March 9, 2023 (Docket Entry #13) is hereby **STRICKEN.**  Defendant shall file its Amended Answer and Counterclaim no later than **JULY 24, 2023.**

IT IS SO ORDERED this 17th day of July, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

2