IN THE DISTRICT COURT OF THE UNITED STATES
OKLAHOMA EASTERN DISTRICT

| | |
|---|---|
| **GREAT LAKES INSURANCE SE,** )<br>)<br>Plaintiff,  )<br>vs.   )<br>)<br>**WAGNER & LYNCH, PLLC,**  )<br>)<br>Defendant.  )<br>) | Case No.:   CIV-23-52-JAR<br><br>6:23-CV-00052-JAR<br><br>Hon. Jason A. Robertson<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S FIRST AMENED ANSWER,
### JURY TRIAL DEMAND, AFFIRMATIVE DEFENSES and COUNTERCLAIM

Pursuant to this Court's Order dated July 17, 2023 [Doc. No. 28) the Defendant's file the following First Amended Answer, Jury Trial Demand, Affirmative Defenses, and Counterclaim.

### ANSWER

**COMES NOW** the Defendant in this matter, Wagner & Lynch, P.L.L.C. ("W&L") and for its Answer to the Complaint [Doc. No. 2] as filed by Plaintiff Great Lakes Insurance, SE ("Great Lakes") and Jury Trial Demand, does submit the following. Defendant notes that discovery and litigation is ongoing, and would reserve its right to supplement and/or amend this Answer.

Defendant specifically denies each and every allegation of the Complaint that is this Answer does not admit, deny, qualify, or otherwise expressly address. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

### PARTIES

1. Defendant can neither admit nor deny the allegations contained in Paragraph 1 of the complaint for lack of sufficient knowledge.

2. Defendant denies the allegations contained in Paragraph 2. By way of qualifying, Defendant states that the domestic limited liability company is headquartered in McAlester, Oklahoma, and the individual members reside in Pittsburg County, Oklahoma.

## JURISDICTION

3. Admitted.

4. Denied as stated. The individual members of W&L are not residents of Latimer County. The By way of qualifying, the Defendant states that the cause of action for the subject property and ensuing insurance bad faith claim (which has yet to be filed, but for such cause of action Defendant reserves the right to file) occurred in Latimer County, Oklahoma, which is located in the Oklahoma Eastern District.

## FACTS

5. Admitted.

6. Plaintiff presents solely a portion of the policy in specific reference in Paragraph 6. The insurance policy, when read as a whole, with any ambiguities construed in favor of the insured, provides coverage

7. Denied as stated. By way of qualifying, once the claim was filed, Blake Lynch contacted the adjuster on this claim on October 28, 2022 and related that "sewer water was running back into the building." What he was unaware of at that point in time was that in actuality, a pipe had collapsed, causing water internal to the structure of the property to be unable to leave the building. It was this flooding that caused property damage. This recitation of facts was provided to the adjuster for Great Lakes on November 30, 2022, but seemingly ignored by the Plaintiff due to its desire to deny coverage and refuse to pay the claim.

8. Defendant is without sufficient information to affirm or deny the allegations contained in Paragraph 8. Without affirming or admitting, Defendant states that the water that caused the flood was internal to the structure and did not "back up" into the building from a sewer.

9. Admitted.

10. Admitted.

11. Defendant is without sufficient knowledge to determine whether or not Plaintiff conducted a re-evaluation of the claim. Defendant demands strict proof thereof.

12. Defendant is without sufficient information to affirm or deny the allegations contained in Paragraph 8. Without affirming or admitting, Defendant states that the water that caused the flood was internal to the structure and did not "back up" into the building from a sewer.

13. Defendant is without sufficient information to deny or admit the allegations contained in paragraph 13. The Defendant is without sufficient information to determine what, if any, "re-evaluation" Plaintiff undertook in this situation—it certainly appears that they undertook no re-evaluation of the claim and stood behind their previous denial of the claim. Defendant denies that there is no coverage under the claim given the specific facts of this occurrence. Defendant states, additionally, that any "re-evaluation" of the claim is colored by the past history of Plaintiff and Defendant. Specifically, Great Lakes has a history of denial of coverage for W&L. *See* Wagner and Lynch v. Great Lakes, 6:17-CV-00280-RAW in the Oklahoma Eastern District. Therein, the same parties were involved, including the same adjuster being involved. This is a pattern and practice of Great Lakes—deny coverage, force litigation, and cause hardship for its insured. Now, not only has Great Lakes denied coverage, but they are seeking to erect procedural fencing around possible claims of their insured, which is indicative of bad-faith insurance practice. By engaging in

such practices, Great Lakes is inveigling Defendant into insurance contracts, collecting premiums, and denying coverage.

## CAUSE OF ACTION

14. Denied. Further, the allegations in the Paragraph 14 provide Plaintiff's characterizations and conclusions of law to which Defendant need not respond. Defendants request that the Court *deny* the Plaintiff's request for declaratory judgment insofar as it seeks to limit the Defendant's ability to sue for damages based on Plaintiff's bad-faith practices and due to its chilling effect on reasonable litigation based on the erection of procedural fencing.

15. Denied. Further, the allegations in the Paragraph 14 provide Plaintiff's characterizations and conclusions of law to which Defendant need not respond.  The water did not "back up from a sewer" as stated by Plaintiff.  The insurance policy, when read as a whole, with any ambiguities construed in favor of the insured, provides coverage.

16. Denied. Further, the allegations in the Paragraph 16 provide Plaintiff's characterizations and conclusions of law to which Defendant need not respond.  The water did not "back up from a sewer" as stated by Plaintiff.  The insurance policy, when read as a whole, with any ambiguities construed in favor of the insured, provides coverage.

17. Denied. Further, the allegations in the Paragraph 17 provide Plaintiff's characterizations and conclusions of law to which Defendant need not respond.  The water did not "back up from a sewer" as stated by Plaintiff.  The insurance policy, when read as a whole, with any ambiguities construed in favor of the insured, provides coverage.

18. Denied. Further, the allegations in the Paragraph 18 provide Plaintiff's characterizations and conclusions of law to which Defendant need not respond.  The water did not "back up

from a sewer" as stated by Plaintiff. The insurance policy, when read as a whole, with any ambiguities construed in favor of the insured, provides coverage.

19. Denied. Further, the allegations in the Paragraph 18 provide Plaintiff's characterizations and conclusions of law to which Defendant need not respond.

## PRAYER FOR RELIEF

20. Denied. Further, the allegations in the Paragraph 20 provide Plaintiff's characterizations and conclusions of law to which Defendant need not respond. The water did not "back up from a sewer" as stated by Plaintiff. The insurance policy, when read as a whole, with any ambiguities construed in favor of the insured, provides coverage.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Defendant provides the following. Defendant notes that discovery and litigation is ongoing, and would reserve its right to supplement and/or amend this list.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has breached the subject contract.

3. Plaintiff has acted in bad faith, including without limitation, breaching the duty of good faith and fair dealing owed to its insured. Plaintiff has further breached its duty of good faith and fair dealing by hiring counsel to erect procedural fencing around reasonable and articulable claims for bad faith insurance practices. Again, this is a pattern and practice of Great Lakes regarding this insured.

4. Plaintiff is estopped from denying coverage.

5. Unclean hands.

6. Unjust enrichment.

7. The declaratory judgment action is being used for purposes of improper procedural fencing and/or to provide an arena for a race to res judicata and should be dismissed.

8. None of the exclusions of coverage of the subject policy/contract apply to the facts in the instant matter.

## JURY TRIAL DEMAND

Defendant hereby demands a trial by jury on all causes of action.

## COUNTERCLAIM

**COMES NOW** the Defendant in this matter, Wagner & Lynch, P.L.L.C. ("W&L") and for its Counterclaim against Plaintiff Great Lakes Insurance, SE ("Great Lakes"), as raised in Defendant's Answer & Affirmative Defenses, pursuant to Fed. R. Civ. P. Rule 13, and in equity, and alleges and states as follows:

## PARTIES

1. Upon information and belief of the Defendant, Plaintiff Great Lakes is a German company headquartered in Munich. Great Lakes offers insurance to citizens of the United States, including the State of Oklahoma.

2. Defendant and Counterclaimant is a domestic limited liability company with its principal place of business in McAlester, Oklahoma, in Pittsburg County. That Pittsburg County is within the Oklahoma Eastern District of the United States Federal Court system.

## JURISDICTION

3. Jurisdiction is under diversity jurisdiction and the underlying policy exceeds the statutory prescription of seventy-five thousand dollars ($75,000.00). That jurisdiction is further pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

4. The property and insurance policy in question is located in, and the insurance was written for, a structure in Latimer County, Oklahoma. Latimer County is located in the Eastern District of Oklahoma, and venue is appropriate in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391 (b) and (c).

## FACTS

5. On or about June 13, 2022, Great Lakes issued an insurance policy, Policy No. GLP012829, (the "Policy") to the named insured and Defendant-Counterclaimant. The Policy provides coverage for W&L's commercial property located at 123 W. Main St., Wilburton, OK 74578 (the "Property"). The Policy insures the Property at issue with loss limits of two hundred thousand dollars ($200,000.00) for building damage and fifty thousand dollars ($50,000.00) for personal property loss.

6. On or about October 24, 2022, Blake Lynch, on behalf of W&L, made a claim for under the Policy for damage to the Property. Water leaking from a broken pipe leaked into the Property, causing severe damage to the Property. That the damage to the Property also caused the office to be *de facto* inoperable for business.

7. That W&L had Superior Plumbing to assess and fix the issue. During the investigation as to the cause of the water damage, Superior Plumbing determined that a pipe had collapsed, causing water to be unable to drain from the building down through the broken pipe and flow out of the building.

8. That on or about November 29, 2022, Great Lakes issued a denial letter stating exclusions under the Policy for damage to the Property. At this point in time, Counterclaimant is unsure of what, if any, actual insurance "adjusting" was done on the part of Great Lakes' agent/adjuster.

9. Once the claim was filed, Blake Lynch contacted the adjuster on this claim on October 28, 2022 and related that "sewer water was running back into the building." What he was unaware of at that point in time was that in actuality, a pipe had collapsed, causing water internal to the structure of the property to be unable to leave the building. It was this flooding that caused property damage. This recitation of facts was provided to the adjuster for Great Lakes on November 30, 2022, but seemingly ignored by the Plaintiff due to its desire to deny coverage and refuse to pay the claim.

10. That despite receiving this additional information, Great Lakes stood behind its denial letter and continued to deny its duty to pay out for the loss on the Property under the Policy.

11. Great Lakes has a history of denial of coverage for W&L. *See* <u>Wagner and Lynch v. Great Lakes</u>, 6:17-CV-00280-RAW in the Oklahoma Eastern District. Therein, the same parties were involved, including the same adjuster being involved. This is a pattern and practice of Great Lakes—deny coverage, force litigation, and cause hardship for its insured. Now, not only has Great Lakes denied coverage, but they are seeking to erect procedural fencing around possible claims of their insured, which is indicative of bad-faith insurance practice. By engaging in such practices, Great Lakes is inveigling Defendant into insurance contracts, collecting premiums, and denying coverage.

## CAUSE OF ACTION

## ONE—INSURANCE BAD FAITH

12. That for their first cause of action, W&L maintains that Great Lakes was and is engaging in bad faith insurance practices. Further, that Great Lakes has and is breaching its duty of good faith and fair dealing for its insured, and did so in the fall of 2022.

13. That W&L has suffered damages as a result of Great Lakes' acts and omissions.

14. That W&L has been forced and compelled to retain counsel in order to litigate this matter.

## TWO—BREACH OF CONTRACT

15. That for their second cause of action, W&L maintains that Great Lakes breached the contract made for consideration regarding the subject policy.

16. That as a result of the breach of contract on the part of Great Lakes, Defendant suffered damages.

17. That as a result of the breach and damages thereon, Defendant was required and compelled to retain counsel in order to litigate this matter.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that this court: 1) award judgment for Defendant/Counterclaimant W&L and against Plaintiff Great Lakes; 2) award damages in excess of both seventy-five thousand dollars ($75,000.00) *and* in excess of the limits under the Policy; 3) award punitive damages; 4) issue an award of attorney fees and costs for Defendant and against Plaintiff; 5) allow Plaintiff to take nothing from their Petition; and 6) award any other relief to Defendant as may be just, equitable, and proper.  Counterclaimant re-asserts its demand for a jury trial.

DATED this 24th day of July, 2023.

Respectfully submitted by:

Wesley J. Cherry, OBA #22851
FOUNDATION LAW, P.L.L.C.
P.O. Box 758
McAlester, OK  74502
(918) 839-6353 Telephone
(888) 622-3181 Facsimile
Wes.FoundationLaw@gmail.com
www.FoundationLawFirm.com
*Attorney for Defendant*

**CERTIFICATE OF SERFVICE**

I CERTIFY that on this 24th day of July, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notifications to the following:

Michael Linscott, OBA #17266
Alexandra Gage, OBA #33874
DOERNER, SAUNDERS, DANIEL & ANDERSON
Two West Second Street, Suite 700
Tulsa, OK 74106-3117
mlinscott@dsda.com
agage@dsda.com
*Attorneys for Plaintiff*

I CERTIFY that on this 24th day of July, 2023, I sent the foregoing to the following individuals without the use of the CM/ECF system, via U.S. Mail, all postage pre-paid:

NONE.

*Attorney for Defendant*