**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) GREAT LAKES INSURANCE SE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 6:23-CV-00052-JAR** |
| **vs.** | ) | |
| | ) | |
| **(1) WAGNER & LYNCH, PLLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF GREAT LAKES'**
**ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff Great Lakes Insurance SE ("Great Lakes"), for its Answer to Defendant's Counterclaim (Dkt. # 31) contained in Defendant's First Amended Answer (Dkt. #30) alleges and states as follows:

**PARTIES**

1. Great Lakes admits the allegations contained in Paragraph 1 of Defendant's Counterclaim.

2. Great Lakes admits the allegations contained in Paragraph 2 of Defendant's Counterclaim.

**JURISDICTION**

3. Great Lakes admits the allegations contained in Paragraph 3 of Defendant's Counterclaim.

4. Great Lakes admits the allegations contained in Paragraph 4 of Defendant's Counterclaim.

**FACTS**

5. Great Lakes admits the allegations contained in Paragraph 5 of Defendant's Counterclaim.

6. With respect to the allegations in Paragraph 6 of the Counterclaim, Great Lakes admits that a claim under the Policy was made on or about October 24, 2022, for water damage to the Property. Great Lakes denies the remaining allegations contained in Paragraph 6 of Defendant's Counterclaim.

7. With respect to the allegations in Paragraph 7 of the Counterclaim, Great Lakes admits that W&L called Superior Plumbing to assess and fix the issue and, after snaking the drains and pipes, Superior Plumbing detected a sewer line collapse, causing water to backup into the building on the Property, but Great lakes denies the remaining allegations contained Paragraph 7 of Defendant's Counterclaim.

8. With respect to the allegations in Paragraph 8 of the Counterclaim, Great Lakes admits that a denial letter noting certain exclusions under the Policy as well as other matters, as stated in the denial letter, was issued on or about November 29, 2022. Great Lakes denies the remaining allegations in Paragraph 8 of Defendant's Counterclaim.

9. With respect to the allegations in Paragraph 9 of the Counterclaim, Great Lakes admits that Blake Lynch contacted the adjuster on this claim on or about October 28, 2022, and relayed that "sewer water was running back into the building," and that a pipe had collapsed. Great Lakes also admits that Blake Lynch sent a letter on November 30, 2022, reciting that the water was unable to leave the building. However, Great Lakes denies the remaining allegations contained in Paragraph 9 Defendant's Counterclaim.

10. With respect to the allegations in Paragraph 10 of the Counterclaim, Great Lakes admits that it considered the new information and contentions of Defendant and denied the claim as stated in the correspondence to Defendant; otherwise all other allegations in Paragraph 10 are denied.

11. Great Lakes denies the allegations contained in Paragraph 11 of Defendant's Counterclaim.

**CAUSE OF ACTION**

**ONE—INSURANCE BAD FAITH**

12. Great Lakes denies the allegations contained in Paragraph 12 of Defendant's Counterclaim.

13. Great Lakes denies the allegations contained in Paragraph 13 of Defendant's Counterclaim.

14. Great Lakes denies the allegations contained in Paragraph 14 of Defendant's Counterclaim.

**TWO—BREACH OF CONTRACT**

15. Great Lakes denies the allegations contained in Paragraph 15 of Defendant's Counterclaim.

16. Great Lakes denies the allegations contained in Paragraph 16 of Defendant's Counterclaim.

17. Great Lakes denies the allegations contained in Paragraph 17 of Defendant's Counterclaim.

**PRAYER FOR RELIEF**

Great Lakes denies the allegations, if any, contained in the WHEREFORE clause of Defendant's Counterclaim.

**AFFIRMATIVE DEFENSES**

Great Lakes asserts the below affirmative defenses in response to the claims in Defendant's Counterclaim, some stated only in the alternative:

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. Defendant is not entitled to recover on its Counterclaim because Great Lakes complied at all times with the terms and conditions of the Policy.

3. Defendant is not entitled to recover on its Counterclaim because there was a legitimate dispute as to coverage or amount of the claim.

4. Defendant's claims against Great Lakes, none of which are admitted, are barred, in whole or in part, because the insured has a duty to read and examine the contents of the Policy before accepting and paying a premium and the insured is charged with the knowledge and legal effect of the Policy terms once the premium has been paid.

5. Defendant's Counterclaim fails to identify any term of the Policy that was breached by Great Lakes, and Great Lakes did not breach any term of the Policy.

6. Defendant has failed, in whole or in part, to mitigate its damages, if any.

7. Defendant's claims are barred, in whole or in part, by waiver and/or estoppel.

8. Defendant's claims are barred in whole or in part, for lack of conditions precedent as required under the Policy.

9. Defendant's claims are barred, in whole or in part, because Great Lakes' conduct did not breach the duty of good faith and fair dealing.

10. Defendant's claims are barred, in whole or in part, by certain exclusions under the Policy.

11. Defendant's claims against Great Lakes, none of which are admitted, are barred, in whole or in part, because the terms of the Policy were clear and unambiguous.

12. Defendant's claims are barred, in whole or in part, by the doctrine of performance.

13. Defendant's claims are barred, in whole or in part, reduced, and/or limited by Defendant's own contributory negligence.

14. Defendant's claims are barred, in whole or in part, reduced, and/or limited by the negligence or other conduct of other third persons over whom Great Lakes had no control.

15. Any oral discussions or representations made prior to execution of the written Policy are superseded by the terms of the Policy.

16. Defendant's claims for punitive damages are barred or at least limited, in whole or in part, by the Oklahoma Constitution and statutes and by the United States Constitution along with any Amendments and interpretive law, by the limitations and requirements on such damages.

17. Great Lakes reserves its right to amend its Answer and Affirmative Defenses as discovery has yet to begin and until further facts are developed.

WHEREFORE, all premises considered, Plaintiff Great Lakes Insurance SE respectfully requests that judgment be entered in its favor and against Defendant/Counterclaimant, Wagner & Lynch, PLLC, dismissing Wagner and Lynch's claims with prejudice and awarding Great Lakes all other relief to which it is entitled at law and in equity.

DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.

By: *s/ Alexandra J. Gage*

Michael S. Linscott, OBA No. 17266
Alexandra J. Gage, OBA No. 33874
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone 918.591.5271
Facsimile 918.925.5271

*Attorneys for Plaintiff Great Lakes Insurance SE*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Wes.foundationlaw@gmail.com

*s/ Alexandra J. Gage*

8034835.1