IN THE DISTRICT COURT OF THE UNITED STATES
OKLAHOMA EASTERN DISTRICT

| | | |
|---|---|---|
| **GREAT LAKES INSURANCE SE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:   CIV-23-52-JAR |
| vs. | ) | |
| | ) | 6:23-CV-00052-JAR |
| **WAGNER & LYNCH, PLLC,** | ) | |
| | ) | Hon. Jason A. Robertson |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY AND CONDUCT DEPOSITIONS

**COMES NOW** the Defendant in this matter, Wagner & Lynch, P.L.L.C. ("W&L") and for its *Motion to Compel Discovery and Conduct Depositions*, states as follows.

1. On or about June 13, 2022, Great Lakes issued an insurance policy, Policy No. GLP012829, (the "Policy") to the named insured and Defendant-Counterclaimant. The Policy provides coverage for W&L's commercial property located at 123 W. Main St., Wilburton, OK 74578 (the "Property"). The Policy insures the Property at issue with loss limits of two hundred thousand dollars ($200,000.00) for building damage and fifty thousand dollars ($50,000.00) for personal property loss.

2. On or about October 24, 2022, Blake Lynch, on behalf of W&L, made a claim for under the Policy for damage to the Property. Water leaking from a broken pipe leaked into the Property, causing severe damage to the Property. That the damage to the Property also caused the office to be *de facto* inoperable for business.

3. That W&L had Superior Plumbing to assess and fix the issue. During the investigation as to the cause of the water damage, Superior Plumbing determined that a pipe had collapsed,

causing water to be unable to drain from the building down through the broken pipe and flow out of the building.

4. That on or about November 29, 2022, Great Lakes issued a denial letter stating exclusions under the Policy for damage to the Property. At this point in time, Counterclaimant is unsure of what, if any, actual insurance "adjusting" was done on the part of Great Lakes' agent/adjuster.

5. Once the claim was filed, Blake Lynch contacted the adjuster on this claim on October 28, 2022 and related that "sewer water was running back into the building." What he was unaware of at that point in time was that in actuality, a pipe had collapsed, causing water internal to the structure of the property to be unable to leave the building. It was this flooding that caused property damage. This recitation of facts was provided to the adjuster for Great Lakes on November 30, 2022, but seemingly ignored by the Plaintiff due to its desire to deny coverage and refuse to pay the claim.

6. That despite receiving this additional information, Great Lakes stood behind its denial letter and continued to deny its duty to pay out for the loss on the Property under the Policy.

7. Great Lakes has a history of denial of coverage for W&L. *See* <u>Wagner and Lynch v. Great Lakes</u>, 6:17-CV-00280-RAW in the Oklahoma Eastern District. Therein, the same parties were involved, including the same adjuster being involved. This is a pattern and practice of Great Lakes—deny coverage, force litigation, and cause hardship for its insured. Now, not only has Great Lakes denied coverage, but they are seeking to erect procedural fencing around possible claims of their insured, which is indicative of bad-faith insurance practice. By engaging in such practices, Great Lakes is inveigling Defendant into insurance contracts, collecting premiums, and denying coverage.

8. That after litigation begun—initially with Plaintiff filing a declaratory judgment action against Defendants in this Court, several scheduling matters were undertaken, including a *Joint Status Report*, filed *Witness and Exhibit Lists*, and scheduling of a settlement conference. Plaintiff's *Preliminary Witness List* [Doc. No. 23] was filed on May 5, 2023. The Parties' *Joint Status Report* [Doc. No. 29] was filed on July 21, 2023. Plaintiff's *Final Witness List* [Doc. No. 34] was filed on August 25, 2023.

9. In the pendency of litigation, Defendants have requested certain depositions to be scheduled. Defendants have asked for depositions to be scheduled of Randy Howard, an adjuster working on the subject claim and who is listed by the Plaintiffs as a fact witness. Defendants have also asked for the deposition of Adrian Nyunt, whom Plaintiffs list as a fact witness in this matter. Defendants also desire to take the deposition of John Thill, whom Plaintiffs list as a fact witness in this matter. All parties desired to be deposed by Defendant have been listed as "under the control" of Plaintiff's counsel on Plaintiff's *Final Witness and Exhibit List*.

10. It should also be noted that Plaintiff's counsel have been intimately involved throughout the pendency of the entire case, including—seemingly—the determination to deny the subject claim and to file the declaratory judgment action. It is not any surprise to Plaintiffs at all that fact witnesses will be deposed in this litigation—specifically the fact witnesses listed in the *Witness List* as under the control of Plaintiff's counsel.

11. To date, Plaintiffs have not allowed *one deposition of Plaintiff's fact witnesses to be deposed*. A deposition of Randy Howard was scheduled, then requested to be stricken the *day before* the deposition was set to occur. As recently as today's date—November 20,

2023—the Plaintiff canceled Mr. Howard's deposition again, with barely twenty-four hours' notice.

12. Defendant's counsel has reached out to Plaintiff's counsel about deposition dates for multiple deponents. Randy Howard's deposition has been scheduled twice and canceled twice, both at the request of Plaintiff. Adrian Nyunt's deposition was going to be scheduled, then Plaintiff's counsel told Defendant's counsel that he could not be submitted by agreement. John Thill's deposition has yet to be scheduled, but dates have been requested by Defendant's counsel. Defendant's counsel has called Bell & Clements, the employer for Adrian Nyunt, multiple times, but it appears that calling London to speak with Mr. Nyunt is an exercise in fruition and a complete Sysyphean task, as Bell & Clements has yet to pick up the phone. Defendant's counsel has attempted to schedule a deposition for John Thill and no dates have been provided by Plaintiff's counsel.

13. Defendants have proffered any requested witness for deposition that is in Defendant's control for deposition. To date, Plaintiffs have taken two (2) depositions by agreement. Defendant's counsel has continued to inquire from Plaintiff's counsel whether there is any other person that Plaintiff desires to depose.

14. Counsel for Defendants has been diligent insofar as requesting scheduled depositions of Plaintiff's fact witnesses. Numerous requests have been sent by Defendant's counsel to Plaintiff's counsel to attempt to schedule depositions in this matter.

15. The most recent request to depose Adrian Nyunt, "care of Doerner, Saunders, Daniel, & Anderson, 2 West 2nd St. 700, Tulsa, OK 74103" was met with a denial, and Plaintiff's counsel stating that this fact witness was evidently not under their control. Adrian Nyunt lives in the United Kingdom, and Plaintiff ostensibly desires to force Defendant to follow

the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and/or seek assistance from the United States Department of State in order to secure a *witness that the Plaintiffs control* and whose name is littered throughout discovery production.

16. It is plainly evident to Defendants that the Plaintiffs now desire to "play games" regarding discovery, something that this Court should now allow them to do.

17. That the depositions are discovery matters, and should be compelled to take place pursuant to Fed. R. Civ. 26.

18. That the rules for discovery in Federal Court are clear that depositions may be taken without leave or with leave. The Defendants are asking the Court for leave to take the depositions of Adrian Nyunt and John Thills pursuant to Fed. R. Civ. P. 30.

19. Defendant's Counsel certifies to the Court that he has attempted to resolve these matters without resorting to the Court to make a determination about the applicability of the law, but that all attempts have been unsuccessful.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that this court: 1) enter an Order allowing the deposition by oral examination of Adrian Nyunt, Randy Howard, and John Thill by oral examination, including the ability to take the deposition of the same by videoconference; 2) grant any other relief as may be just and proper in this matter.

DATED this 20th day of November, 2023.

Respectfully submitted by:

_____
Wesley J. Cherry, OBA #22851
FOUNDATION LAW, P.L.L.C.
P.O. Box 758
McAlester, OK  74502
(918) 839-6353 Telephone
(888) 622-3181 Facsimile
Wes.FoundationLaw@gmail.com
www.FoundationLawFirm.com
*Attorney for Defendant-Counterclaimant*

## CERTIFICATE OF SERFVICE

I CERTIFY that on this 20th day of November, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notifications to the following:

Michael Linscott, OBA #17266
Alexandra Gage, OBA #33874
DOERNER, SAUNDERS, DANIEL & ANDERSON
Two West Second Street, Suite 700
Tulsa, OK 74106-3117
mlinscott@dsda.com
agage@dsda.com
*Attorneys for Plaintiff*

I CERTIFY that on this 20th day of November, 2023, I sent the foregoing to the following individuals without the use of the CM/ECF system, via U.S. Mail, all postage pre-paid:

NONE.

_____
*Attorney for Defendant*