IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) GREAT LAKES INSURANCE SE, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:23-CIV-00052-JAR |
| v. | ) ) | Judge Jason A. Robertson |
| (1) WAGNER & LYNCH, PLLC, | ) ) ) | |
| Defendant. | | |

**RESPONSE TO DEFENDANT'S MOTION TO COMPEL
DISCOVERY AND CONDUCT DEPOSITIONS**

Plaintiff Great Lakes Insurance SE submits the following in Response to *Defendant's Motion to Compel Discovery and Conduct Depositions* (Dkt. # 42) ("Motion"):

## I.  INTRODUCTION

This Court should refuse to hear Defendant's Motion because Defendant filed its Motion to Compel without conducting a meet and confer, without issuing subpoenas for the witnesses' attendance, and without providing formal notice of a single deposition in this case. Defendant initially requested the depositions of the claims representative, Randy Howard, and the claims supervisor, Adrian Nyunt. The parties agreed to the deposition of Randy Howard and set a date for such to take place. In the days preceding that deposition, it was rescheduled for November 20, 2023, due to conflicts with counsel's court schedule. Prior to the second attempt, the deponent encountered an emergency situation for which he could not appear for the deposition. Upon notifying Defendant's counsel of the deponent's extenuating circumstances, Plaintiff offered new dates as early as the next week. Rather than responding, Defendant immediately filed the instant Motion without conferring with Plaintiff, without issuing subpoenas for the witnesses' attendance,

and without serving a notice of deposition for any of the requested depositions. As such, Defendant's Motion should be denied under law.

## II.   ARGUMENTS AND AUTHORITIES

### A. Defendant's Motion Should not be Heard due to its Failure to Participate in a Meet and Confer

As an initial matter, Plaintiff objects to Defendant's assertion that it "attempted to resolve these matters without resorting to the Court." Motion, ¶ 19. On the contrary, Defendant failed to participate in or even request a meet and confer with Plaintiff prior to filing its Motion. This Court's Local Civil Rule 7.1 (f) states as follows:

> With respect to all non-dispositive motions or objections (including all discovery matters and motions in limine), the Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith, and after a sincere attempt to resolve differences, have been unable to reach an accord.

LCvR 7.1 (f). No meet and confer was conducted prior to Defendant's filing of the instant Motion in direct violation of the Court's rules.[1] Therefore, pursuant to the rules of the Eastern District of Oklahoma, this Court shall refuse to hear Defendant's Motion.

Had Defendant conducted a meet and confer, it could have avoided many of the issues it raises in this Motion. For instance, after relaying that Randy Howard would be unable to attend the second attempted deposition due to an emergency situation, Plaintiff specifically offered more dates for the very next week to reschedule the deposition of Randy Howard. Rather than responding and setting a new date for the deposition, Defendant filed a Motion to Compel. Had Defendant participated in a meet and confer, Randy Howard's deposition could have been reset

---

[1] Defendant's counsel did leave a voicemail for Plaintiff's counsel regarding his inability to reach Adrian Nyunt or Bell & Clemments, but Plaintiff's counsel did not hear this voicemail until after the filing of the instant Motion and did not have a chance to respond or confer about any of the requested depositions.

2

and completed by now. At the very least, a meet and confer would have provided Plaintiff with an understanding of Defendant's objections to the dates offered.

Furthermore, if a meet and confer had been conducted, Defendant would know that Plaintiff was unaware of a request for the deposition of John Thill. Although Defendant had mentioned in the past that it "may also want the deposition of John Thill," Plaintiff was unaware that a decision had been made on that issue or that the deposition had been actually requested. Plaintiff was certainly unaware of any supposed attempts by Defendant to schedule a deposition for John Thill (Motion, at ¶ 12), which is why no such dates have been provided.

Issues like these could have been resolved or narrowed during a meet and confer, but Defendant instead chose to file the instant Motion without conference with Plaintiff. Because Defendant has failed to participate in a meet and confer as required by this Court's rules, the Court should refuse to hear Defendant's Motion until such time that a meet and confer has been conducted and any issues remain outstanding.

### B. Defendant has not Subpoenaed nor Noticed a Single Deposition

Defendant's Motion asks this Court to compel the depositions of Randy Howard, Adrian Nyunt, and John Thill. This Motion seems to be based on the premise that "Plaintiffs have not allowed one deposition of Plaintiff's fact witnesses to be deposed." Motion, ¶ 11. This statement is categorically false. Plaintiff has not objected to or denied any deposition requested by Defendant. Randy Howard's deposition was agreed to and scheduled twice. Both attempts needed to be rescheduled, first to accommodate counsel's court schedules and second due to an emergency situation of the deponent. Each request to reschedule was followed by or accompanied by new dates for the deposition to occur. Specifically, the most recent offer included dates merely a week

away. Plaintiff has clearly agreed to the deposition of Randy Howard and is trying to coordinate convenient times for all involved.

The deposition of Adrian Nyunt was similarly never denied. Defendant's request for the deposition of Adrian Nyunt is not in control of the Plaintiff. Although Plaintiff's counsel initially understood Adrian to be under Plaintiff's control, when requesting deposition dates it was discovered that the third-party for whom Adrian works was not under the control of the Plaintiff. Plaintiff's counsel relayed this information to Defendant once discovered, but never denied the deposition. Plaintiff simply stated it could not be done by agreement and would require formal procedure through the Hague Convention.[2] Lastly, Plaintiff was unaware of a request for the deposition of John Thill, which is why no dates have been proffered. Plaintiff never disallowed the deposition of John Thill and never understood that such was ever requested. Therefore, Defendant's statement that Plaintiff has not allowed a single deposition is false. On the contrary, Plaintiff has made no objection or denial of a single deposition requested by Defendant. Rather, Plaintiff has failed to follow proper procedure to even attempt to secure the attendance of the deponents.

Defendant has never once sent a deposition subpoena nor a Notice of Deposition for any of the depositions it wishes to take. The Federal Rules of Civil Procedure require that those seeking depositions may compel deponents' attendance by subpoena under Rule 45 and provide a notice to all parties. Fed. R. Civ. P. 30. No such subpoena or notice has ever been delivered to Plaintiff's Counsel nor were they mentioned in Defendant's Motion. If Defendant felt it was unable to schedule appropriate depositions by agreement, the Federal Rules of Civil Procedure allowed a subpoena to be served on the witnesses in order to obtain a Deposition before resorting to judicial

---

[2] Adrian Nyunt lives and works in the United Kingdom, necessitating the use of the Hague Convention for a deposition in London.

intervention.  "[T]he Court is within its discretion to deny a motion to compel a deposition that was not formally noticed under Fed. R. Civ. P. 30(b)(1)."  *Firestone v. Hawker Beechcraft Intern. Service Co.,* 2012 WL 359877, *4 (D. Kan.).  Because it has not issued deposition subpoenas nor provided formal notice for a single deposition in this case, Defendant's Motion is moot and should be denied.

### III.   CONCLUSION

Defendant failed to conduct a meet and confer before filing its Motion and failed to properly subpoena witnesses or notice the depositions for which it seeks compulsion.  Defendant's Motion is baseless and brought before an objection or denial of the depositions in question have been raised.  Due to Defendant's failure to follow procedural rules for discovery, Defendant's Motion to Compel should be denied in its entirety.

DOERNER, SAUNDERS, DANIEL
 & ANDERSON, L.L.P.

By: *s/ Alexandra J. Gage*
Michael S. Linscott, OBA No. 17266
Alexandra J. Gage, OBA No. 33874
Two West Second Street, Suite 700
Tulsa, OK  74103-3117
Telephone 918.591.5271
Facsimile 918.925.5271

*Attorneys for Plaintiff Great Lakes Insurance SE*

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Wes.foundationlaw@gmail.com

 *s/ Alexandra J. Gage*
Alexandra J. Gage

6452695.1